■ In the Matter of BENNY CAIOLA, Appellant, v DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT OF THE CITY OF NEW YORK et al., Respondents. In the Matter of BENNY CAIOLA, Appellant, v FINANCE ADMINISTRATION OF THE CITY OF NEW YORK et al., Respondents—Appeal from judgment and order (one paper) of Supreme Court, New York County, entered January 24, 1979, is unanimously dismissed, as untimely, moot, and not appealable as of right (CPLR 5701, subd [b], par 1). Judgment and order (one paper) of Supreme Court, New York County, entered April 14, 1980, dismissing article 78 petition, is unanimously affirmed. Judgment and order (one paper) of Supreme Court, New York County, entered June 11, 1980, dismissing petition in article 78 proceeding, is affirmed. Respondents-respondents shall recover one bill of costs from petitioner-appellant. The judgment of April 14, 1980 dismissed a petition to annul a determination of the city tax commission denying exemption benefits to petitioner's real property under section J51-2.5 of the Administrative Code of the City of New York. Even if we should accept petitioner's argument that the tax commission may not question the grant of section J51-2.5 benefits after the Department of Housing Preservation and Development of the City of New York (HPD) has issued a certificate of approval, it still remains true that the tax commission was required to calculate the amount of the exemption under a formula which excludes any increase in the "gross cubic content" of the building (§ J51-2.5, subd b). As appellant states, this involved multiplying the increase in the assessment by a fraction in which the numerator, is the gross cubic content of the prior existing structure and the denominator the gross cubic content of the structure after the completion. The tax commission found that this numerator, the gross cubic content of the prior structure, was zero, which led to the determination that the exemption was zero. As the prior existing structure consisted only of a rubble foundation, a party wall and an independent wall two stories in height (a condition which had existed for two years and was not a transitory condition in the course of a section J51-2.5 alternation or conversion), we cannot say that the tax commission's determination that the prior structure had no cubic content was arbitrary, unreasonable or irrational. This determination by the tax commission was of course merely another aspect of its view that petitioner's building is a new building and not an alteration or conversion of an existing structure as contemplated by section J51-2.5. We also note that the application to HPD for section J51-2.5 benefits was made, as apparently it had to be, after completion of petitioner's building, so it cannot be said that petitioner's building was erected in reliance upon a previous grant of section J51-2.5 benefits by HPD. For whatever significance it may have, we also note that the certificate of approval by HPD does not in terms purport to be an explicit determination binding on all agencies that the structure complies with section J51-2.5,

but is merely a "Certificate of Approval of Reasonable Cost", after which tax abatement "may" be granted. The judgment of June 11, 1980 dismissed an article 78 petition which sought to restrain HPD from attempting to revoke what petitioner refers to as "certificate of eligibility and reasonable cost" and the tax *abatement* benefits under section J51-2.5. As the indisputable facts show that the certificate of approval was obtained from HPD on an application which misrepresented the assessed valuation of the existing structure as $10,000 when it was zero, and that there was in fact no existing building, it is clear that the original issuance of certificate of approval by HPD was an error, and HPD had authority to correct that error. It must be noted in this connection that any revocation by HPD was founded upon an original application by petitioner containing the described misrepresentation. It cannot be argued that the misrepresentation was other than deliberate, and, as we have said, the facts were indisputable. In the circumstances, petitioner was not deprived of any element of due process by not having been accorded either notice or a hearing. Having deliberately brought HPD's error into being, petitioner was not entitled to notice that it would be corrected upon discovery; further—again—the facts being known and indisputable, there was no issue which would have required a hearing. Concur—Ross, J. P., Markewich, Bloom and Yesawich, JJ.

Silverman, J., dissents in a memorandum as follows: Silverman, J., dissents from so much of this decision as affrms the order of June 11, 1980 for the reason that, whatever the claimed error by HPD, petitioner in fairness should have been given notice by HPD of its intention to revoke the certificate of approval and an opportunity to present any facts or arguments as to why the certificate should not be revoked.